IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LISA SALLAJ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:22-cv-00859 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| CALVIN L. TATE and | ) |
| SCHATTEN PROPERTIES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Lisa Sallaj brings an Amended Complaint against Defendants Calvin L. Tate and Schatten Properties under the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA").[1] (Doc. No. 5.) The Court granted Plaintiff pauper status, and the Amended Complaint is now before the Court for initial review. The Court must review and dismiss any in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

**I. LEGAL STANDARD**

The Court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure, *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Amended Complaint in the

---

[1] The Amended Complaint does not describe Defendants, referencing only Plaintiff's former residence, Summit Apartments. However, Plaintiff's initial Complaint identified Defendant Tate as the "CEO and President" of Defendant Schatten Properties. (Doc. No. 1 at 2). For the purposes of initial review, therefore, the Court assumes that Plaintiff intends to sue Defendants as owners of Summit Apartments. Plaintiff may seek to clarify Defendants' identities by filing an appropriate motion.

light most favorable to Plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court then considers whether the factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept unwarranted factual inferences, *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), or credit "legal conclusions masquerading as factual allegations." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

## II. FACTUAL ALLEGATIONS

The Amended Complaint alleges that Plaintiff is permanently disabled and requested an accommodation from Defendants in the form of a designated parking space. (Doc. No. 5 at 1). Defendants provided a parking space, but they failed to ensure that it was not in regular use by other, non-disabled tenants. *Id*. at 1-2. Plaintiff contacted Defendants and made many attempts to address the situation, but Defendants "ignored the pl[eas] for assistance." *Id*. at 1. Plaintiff was regularly forced to park in visitor parking "far from her apartment." *Id*. On such one occasion, Plaintiff tripped on the sidewalk, resulting in severe and permanent knee damage. *Id*. at 1-2. Five days after Plaintiff contacted management about the injury—and after Plaintiff hired an attorney in connection therewith—Defendants began seeking Plaintiff's eviction. *Id* at 2. On March 14, 2022, management gave Plaintiff a written notice to vacate that allegedly violated terms of her lease. *Id*. at 3. In the following days, management harassed and threatened Plaintiff. *Id*. at 3-4. On May 2, 2022, management banged on Plaintiff's door, demanded to know "why are you still here"; demanded that Plaintiff leave by 4:00 p.m.; threatened to call the police; told Plaintiff that they

2

would "get a trespassing warrant against you and your son and [ ] confiscate all of your belongings"; and warned Plaintiff that "no one will ever rent to you again." *Id*. at 4. Plaintiff, who had no time to find another apartment, was forced to "trash all [her] belongings" at an on-site disposal site in order to leave by the 4:00 p.m. deadline. *Id*. Plaintiff became homeless and was forced to borrow to pay for hotels. *Id*.

### III. ANALYSIS

**A. ADA Claims**

As relevant here, the ADA prohibits a "covered entity" from "discriminat[ing] against a qualified individual on the basis of disability." *Chaniott v. DCI Donor Servs., Inc.*, 481 F. Supp. 3d 712, 721 (M.D. Tenn. 2020) (quoting 42 U.S.C. § 12112(a)). A covered entity is "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). Parties that do not meet this and related statutory definitions may not be held liable under the ADA. *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) (explaining that those "who do not independently qualify under the statutory definition of employers" may not be held liable for discrimination in ADA cases). Likewise, the ADA protects individuals from retaliation for opposing any act or practice made unlawful by the ADA (i.e., discriminatory actions by a "covered party"), *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing 42 U.S.C. § 12203(a)), and from interference or intimidation based on the exercise of rights granted by the ADA. 42 U.S.C. § 12203(b). Here, Plaintiff does not allege that Defendants were her employers or otherwise qualify as covered parties under the ADA. (*See* Doc. No. 5). Thus, Plaintiff's ADA claims must be dismissed for failure to state a claim.[2]

---

[2] To the extent that Plaintiff may contend Defendants violated Title III of the ADA by discriminating against a disabled individual in "a place of public accommodation," 42 U.S.C. § 12182, a private apartment complex's "parking lot, walkways, entryways, and stairwells" are not places of public accommodation as defined in the ADA. *See, e.g.*, *Collins v. PRG Real Est.*, No. 17-5534, 2018 WL 2166214, at *4 (6th Cir.

3

**B. FHA Claims**

The FHA permits "[a]n aggrieved person" to file a civil action to seek redress against discrimination in the rental or sale of housing. 42 U.S.C. § 3613(a)(1)(A); 42 U.S.C. § 3604(a). As relevant here, it is unlawful under the FHA for a housing provider to refuse to make a reasonable accommodation in rules, policies, practices or services, when the accommodation is necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B). Generally speaking, "[a]n FHA plaintiff need only allege a 'distinct and palpable injury' caused by a defendant's discriminatory actions." *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 544 (6th Cir. 2014) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982)); *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 725 F.3d 571, 576 (6th Cir. 2013). In addition, the FHA's anti-interference provision makes it unlawful for a housing provider to "coerce, intimidate, threaten, or interfere" with the exercise or enjoyment of rights protected under the FHA. 42 U.S.C. § 3617.

For an FHA discrimination claim, a plaintiff must allege that she: (1) suffers from a disability, (2) requested an accommodation necessary to afford her an equal opportunity to use and enjoy a dwelling, (3) the requested accommodation was reasonable, (4) the defendant housing provider refused to make the accommodation, and (5) the defendant knew or should have known of the disability at the time of the refusal. *Hollis*, 760 F.3d at 541; *Overlook Mut. Homes, Inc. v. Spencer*, 415 Fed. App'x 617, 621 (6th Cir. 2011). For an FHA interference claim, a plaintiff must allege that she: (1) exercised or enjoyed a right guaranteed by the FHA; (2) the defendant's intentional conduct constituted coercion, intimidation, threat, or interference; and (3) a causal

---

Apr. 4, 2018) (affirming dismissal of Title III claim based on conclusion "that Title III of the ADA does not apply to apartments or parking spaces in residential facilities"). In any event, there is no private right of action for money damages under Title III, *Hatcher v. RMR Inv. Co.*, No. 3:04-0817, 2005 WL 2338788, at *5 (M.D. Tenn. Sept. 23, 2005), and Plaintiff does not seek injunctive relief. (Doc. No. 5 at 5).

4

connection exists between exercise or enjoyment of the right and the defendant's conduct. *Hood v. Midwest Sav. Bank*, 95 Fed. App'x 768, 779 (6th Cir. 2004); *Grier v. Bryden Mgmt., LLC*, No. 2:17-cv-111, 2019 WL 1046083, at *6 (S.D. Ohio Mar. 5, 2019) (threat of eviction).

Plaintiff alleges that she is disabled; she requested a reasonable accommodation (dedicated disabled parking space) necessary for the use and enjoyment of her apartment; Defendants, despite knowing of her disability, refused to provide the accommodation by failing to prevent frequent use of the parking space by non-disabled drivers; and she suffered physical and monetary injuries as a result of Defendants' actions. These allegations are sufficient to state a plausible claim for FHA disability discrimination. Plaintiff also alleges that she exercised the right, guaranteed by the FHA, to request a reasonable accommodation in the use and enjoyment of her apartment; Defendants intentionally harassed, intimidated, threatened, and coerced her, culminating in an improper eviction and resulting homelessness; Defendants took these actions as a result of her efforts to secure a reasonable accommodation and pursue remedies for an injury that occurred after denial of the accommodation; and she suffered, among other things, monetary damages as a result of Defendants' actions. These allegations state a plausible claim for FHA interference.

## IV. CONCLUSION

For these reasons, the Court concludes, for purposes of initial review, that the Amended Complaint states colorable claims against Defendants for discrimination and interference under the FHA. All other claims are **DISMISSED**. The Court's determination that the Amended Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendants from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

5

Case 3:22-cv-00859   Document 11   Filed 12/08/22   Page 5 of 6 PageID #: 36

The Court will direct the U.S. Marshals Service to serve the Amended Complaint on Calvin L. Tate and Schatten Properties at no cost to Plaintiff. However, in order for the U.S. Marshals Service to serve Defendants, Plaintiff must complete and return two forms: "Process Receipt and Return" (AO 285) and "Summons in a Civil Action" (AO 440). These forms are together referred to as a "service packet." The Clerk is **DIRECTED** to send Plaintiff two service packets. Plaintiff **MUST** complete one service packet for <u>each</u> of Calvin L. Tate and Schatten Properties and return the two completed service packets to the Clerk's Office within **21 DAYS** of the date this Order is entered on the docket. Upon return of the completed service packets, **PROCESS SHALL ISSUE**. Plaintiff is warned that failure to return the completed service packets within the required time period could jeopardize her prosecution of this action.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. Plaintiff is cautioned that she must keep the Court informed of her current address at all times or face dismissal for want of prosecution. Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE